# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE ANN FERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>CA DEPT. OF CORRECTIONS, et al.,<br><br>Respondents. | NO. ED CV 12-0880 SJO (FMO)<br><br>**ORDER DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY** |

On June 1, 2012, Rose Ann Fernandez ("petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, attacking her conviction and sentence in People v. Fernandez, Riverside County Superior Court Case No. RIM1008361 ("Fernandez I").[1] (Petition at 1-49).[2]

---

[1] Petitioner previously filed a habeas corpus petition attacking Fernandez I, see Fernandez v. Cal. Dep't of Corr., ED CV 12-0284 SJO (FMO) ("Fernandez II"), which was dismissed without prejudice on March 3, 2012, because petitioner challenged multiple state court judgments in the same proceeding and petitioner clearly was not in custody pursuant to Fernandez I at the time Fernandez II was filed. (See Fernandez II Order of March 3, 2012). Under these circumstances, petitioner's pending Petition is not a second or successive petition. See Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S.Ct. 1595, 1604-05 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits . . . is not a second or successive petition."); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits."); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (A "dismissal for want of jurisdiction wipes out the petition, . . . so its refiling . . . is not a second or subsequent petition that under 28 U.S.C. § 2244(b)(2) would require [appellate court] permission to file."). Nevertheless, filing multiple habeas corpus petitions attacking a state court proceeding in which the criminal charges against petitioner were dismissed is undoubtedly frivolous and a waste of court resources, and petitioner is warned that if she continues to file habeas corpus petitions attacking state court judgments or

**DISCUSSION**

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook (Cook), 490 U.S. 488, 490, 109 S.Ct. 1923, 1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3); emphasis in original); see also 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time [her] petition is filed." Cook, 490 U.S. at 490-91, 109 S.Ct. at 1925; Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010). This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833 (1973); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560 (1968); see also Fay v. Noia, 372 U.S. 391, 430-31, 83 S.Ct. 822, 844 (1963), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546 (1991) (Habeas corpus "lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power[.]").

Here, petitioner challenges court proceedings brought against her in Fernandez I. (See Petition at 1-49). However, petitioner concedes, and has attached documents to her habeas corpus petition demonstrating, that Fernandez I was dismissed on June 10, 2011, and that petitioner has been released from custody on Fernandez I. (See id. at 1 & 41-42). As such, petitioner could not have been "in custody" pursuant to Fernandez I at the time she filed the instant Petition. See Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir.), cert. denied, 528 U.S. 963 (1999) ("Henry was *released* before he filed the petition that is before us. Because of this

---

proceedings for which she is not in custody, the Court will consider whether petitioner should be declared a vexatious litigant for her frivolous habeas corpus filings.

[2] For ease of reference, the Court sequentially numbers the pages of the Petition, i.e., 1-49.

circumstance, there is no custody from which he could be released.") (emphasis in original). Indeed, petitioner is currently incarcerated on a different matter. (See Petition at 15) (stating petitioner is currently incarcerated for a conviction incurred in a different case); see also People v. Fernandez, 2011 WL 3925406, at *1 (Cal. App. 4 Dist. 2011) ("In May 2010, defendant Rose Ann Fernandez entered a no contest plea to robbery and two counts of assault with a deadly weapon other than a firearm arising from an incident during which she stole her neighbor's necklace and hit her with a two-by-four board during an altercation. She also tried to hit another neighbor boy with a two-by-four board. . . . Defendant was sentenced to the agreed-upon sentence of four years in state prison.").

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

The Court is dismissing the Petition without prejudice because petitioner is clearly not "in custody" for purposes of establishing the Court's habeas jurisdiction. As such, petitioner cannot

make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

Based on the foregoing, IT IS ORDERED THAT the Petition is **dismissed without prejudice** and a Certificate of Appealability is **denied**.

DATED: _____, 2012.

6/9

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE